**IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND**

DIGNA FLORES,                                                      *
5633 Fisher Road                                                  *
Temple Hills, MD 20748                                            *
                                                                  *
      Plaintiff,                    *
                                                                  *
                                                                  *
v.                                                                *    Case No. CAL09-33629
                                                                  *
                                                                  *
Deutsche Bank National Trust Company                              *
One Beacon Street                                                 *
Boston, MA 02108                                                  *
                                                                  *
    Registered Agent:    The Corporation Trust Incorporated  *
                   300 E. Lombard Street  *
                   Baltimore, MD 21202    *
                                                                  *
                                                                  *
WMC Mortgage Corporation                                          *
6320 Canoga Avenue                                                *
Woodland Hills, CA 91367                                          *
                                                                  *
    Registered Agent: CSC-Lawyers Incorporating Service Co.  *
               7 St. Paul Street, Suite 660  *
               Baltimore, MD 21202    *
                                                                  *
Morgan Stanley Abs Capital I Inc. Trust 2006 HE8, Mortgage        *
Pass-Through Certificates Series 2006-HE8                         *
1585 Broadway 2nd Floor                                           *
New York, NY 10036                                                *
                                                                  *
    Serve: State Department of Assessment & Taxation      *
          301 W. Preston Street                       *
          Baltimore, MD 21201                         *
                                                                  *
Countrywide Home Loans Servicing, L.P.                            *
4500 Park Granada CH-11                                           *
Calabasas, CA 91302                                               *
                                                                  *
    Registered Agent:    The Corporation Trust Incorporated  *
                   300 E. Lombard Street  *
                   Baltimore, MD 21202    *
                                                                  *
Litton Loan Servicing, L.P.                                       *
2711 Centreville Road                                             *

Clerk of the Circuit Court
2009 OCT 26 PM 4: 28
PR GEO CO MD., 16

Wilmington, DE 19808                                              *

    Registered Agent: CSC-Lawyers Incorporating Service Co. *
                7 St. Paul Street, Suite 1660               *
                Baltimore, MD 21202                         *
                                                            *
Empire Financial Services, Inc.                                  *
51 Monroe Street, Suite 1101                                     *
Rockville, MD 20850                                              *
                                                             *
    Registered Agent:      Jeanette Farago                   *
                5806 Winding Ridge Way              *
                Frederick, MD 21704                *
                                                             *
Mortgage Electronic Registration Systems, Inc.                   *
1818 Library Street                                              *
Reston, VA 20190                                                 *
                                                             *
    Serve: State Department of Assessment & Taxation         *
           301 W. Preston Street                       *
           Baltimore, MD 21201                         *
                                                             *
Cohn, Goldberg & Deutsch, LLC                                    *
600 Baltimore Avenue, Suite 208                                  *
Towson, MD 21204                                                 *
                                                             *
    Registered Agent: Stephen Goldberg                       *
                 600 Baltimore Avenue, Suite 208       *
                 Towson, MD 21204                      *
                                                             *
AND                                                              *
                                                             *
Luis F. Farago                                                   *
Empire Financial Services Agent                                  *
                                                             *

## COMPLAINT

    COMES NOW, Plaintiff, Digna Flores (hereinafter "Plaintiff"), by and through

Jose Martin Blanco, Esquire, and the Law Office of  Property & Estate Law, PLC, his

attorneys, and for her Complaint states as follows:

## PARTIES

1.    Plaintiff is a resident of the State of Maryland, and is the lawful title holder of 5633 Fisher Road, Temple Hills, MD 20748 (hereinafter, the "Property").

2.    Defendant WMC Mortgage Corporation (hereinafter "WMC") is a California corporation whose principal place of business is located in Woodland Hills, CA. Defendant WMC is authorized to and regularly does transact business in the state of Maryland, including originating mortgages on real property in the state, specifically including the Property.

3.    Defendant Deutsche Bank National Trust Company, as Trustee, etc. (hereinafter "DEUTSCHE BANK"), upon information and belief is a federally chartered bank, whose principal place of business is located in Boston, MA. Defendant DEUTSCHE BANK regularly transacts business in the state of Maryland including buying, selling and/or securitizing mortgages on property located in the state, specifically including the Property.

4.    Defendant Morgan Stanley Abs Capital I Inc. Trust 2006 HE8, Mortgage Pass-Through Certificates Series 2006-HE8 (hereinafter "MORGAN STANLEY TRUST") is an incorporated association formed under the laws of Delaware, whose principal place of business is located in New York, NY. Defendant MORGAN STANLEY TRUST does business in the state of Maryland, including buying, selling and/or securitizing mortgages on property located in the state, specifically including the Property.

5.    Defendant Countrywide Home Loans Servicing, L.P. (hereinafter "COUNTRYWIDE") is a federally chartered bank under the laws of the State of Texas.

Defendant COUNTRYWIDE's principal place of business is located in Calabasas, CA. Defendant COUNTRYWIDE is licensed to and regularly does transact business in the state of Maryland including buying, selling, securitizing and/or servicing mortgages on property located in the state, specifically including the Property.

6.     Defendant Litton Loan Servicing, L.P. (hereinafter "LITTON") is a mortgage servicing arm of The Goldman Sachs Group, Inc. LITTON's principal place of business is located in Wilmington, DE. Defendant LITTON is licensed to and regularly does transact business in the state of Maryland including buying, selling, securitizing and/or servicing mortgages on property located in the state, specifically the Property.

7.     Defendant Empire Financial Services, Inc. (hereinafter "EMPIRE"), is a Maryland corporation whose principal place of business is located in Rockville, MD. Defendant EMPIRE is licensed to and regularly does transact business in the state of Maryland including serving as the lender or originator of property loans, specifically including the Property.

8.     Defendant Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"), is a Delaware corporation.  MERS' principal place of business is located in Reston, VA.  Defendant MERS regularly transacts business in the state of Maryland, including the electronic registration and transfer of mortgages, specifically including the Property.

9.     Defendant Luis F. Farago (hereinafter "FARAGO"), at all time material herein, was, upon information and belief, a resident of the State of Maryland, and was an employee or agent of Defendant EMPIRE, and represented EMPIRE in the origination of Plaintiff's loan.

**JURISDICTION AND VENUE**

10. This Court may exercise personal jurisdiction over Defendants in this action because they transacted business, including the transactions at issue in the present matter, within the state of Maryland.

11. Venue is appropriate in this Court pursuant to Md. Code Courts and Judicial Proceedings Articles §6-201 and §6-202 because Prince George's County, Maryland is the county in which the property at issue is located.

**FACTS**

12. On June 27, 2006, Plaintiff purchased the property located at 5633 Fisher Road, Temple Hills, MD 20748.

13. To effectuate the purchase, Plaintiff executed two (2) promissory notes and two (2) deeds of trust as security interests on the property.

14. At closing, Plaintiff signed a First "Deed of Trust" and First Promissory Note, which named Defendant WMC as Lender, Richard T. Cregger as Trustee, and Defendant MERS as Beneficiary.

15. The First Promissory Note was for the amount of $300,800.00

16. The Second Promissory Note was for the amount of $75,200.00

17. The total amount of debt between the first and the second promissory notes and their respective deeds of trust liens equaled $376,000.00

18. After executing the loan documents, Plaintiff began paying her loan payments to WMC.

19. Plaintiff is the owner and sole title-holder of the Property.

20. In 2008, Plaintiff began receiving demands for payment and threats of foreclosure from Defendants COHN, substitute trustee, and Defendant COUNTRYWIDE.

21. Upon information and belief, servicing of the subject first trust loan was transferred to Defendant LITTON shortly after closing of the Property and transferred to Defendant COUNTRYWIDE shortly thereafter.

22. Plaintiff does not know if the "servicing" of the second trust loan was also transferred to Defendant LITTON and then Defendant COUNTRYWIDE at those times.

23. Upon information and belief these demands were sent on behalf of Defendant COHN, as substitute trustee, jointly and severally, Defendant COUNTRYWIDE, as servicer, and/or Defendant DEUTSCHE BANK, as Trustee, under the Pooling and Servicing Agreement dated September 21, 2006, Morgan Stanley ABS Capital I Inc. Trust 2006-HE8, Mortgage Pass-Through Certificate Series 2006-HE8.

24. Defendants COUNTRYWIDE, DEUTSCHE BANK, and LITTON have no authority to enforce the obligation under the First Trust Note and/or the First Deed of Trust.

25. Defendants COUNTRYWIDE and DEUTSCHE BANK, by and through Defendant COHN, "substitute trustee," in violation of the Fair Debt Collections Practices Act and/or extortion laws, sent a number of communications to Plaintiff demanding payment, declaring default and acceleration on the First Trust Note, and threatening Plaintiff with foreclosure if she failed to pay, when none of these Defendants had any right to enforce any alleged obligation of Plaintiff to DEUTSCHE BANK.

26. Plaintiff alleges that each of the Defendants' claim of interest in the property, including Defendant MERS, is adverse to those of Plaintiff and that Defendants are without standing and legal authority to exercise any claim on the subject property, and that such claims, if any, are subject to being "quieted."

27. Upon information and belief, Defendants, including MERS, have no legal or equitable right, claim or interest in said real property as the obligation has been extinguished, has been satisfied, is void, or has been split from the Deed of Trust resulting in an unsecured Note or obligation, voiding the security interest in the Property.

28. Defendants DEUTSCHE BANK and COHN, by letter dated August 31, 2009, advised Plaintiff that her home would be foreclosed on September 15, 2009 at 11:00 am.

29. Approximately a week prior to the scheduled foreclosure, the action was postponed and the subject loans were reviewed by lender's loss mitigation department.

30. Defendants DEUTSCHE BANK and COHN, be letter dated October 9, 2009, advised Plaintiff that foreclosure of her home had been rescheduled for October 27, 2009 at 11:16 am.

31. Defendants DEUTSCHE BANK and COHN, in violation of their fiduciary and impartial obligations under the first trust deed of trust have failed to perform any due diligence to ensure that the entity (albeit unknown) invoking the power of sale under the Deed of Trust actually has the authority and standing to do so.

32. To create the appearance of authority to conduct the scheduled foreclosure Defendant DEUTSCHE BANK, MORGAN STANLEY TRUST, COUNTRYWIDE, and

COHN, executed, notarized, and filed with the land records a "Deed of Appointment of

Substitute Trustee" dated January 14, 2009.

33. The Deed of Appointment of Substitute Trustee states:

WHEREAS, said Deed of Trust provides that the holder and/or authorized agent of the holder of the Note shall have the power and authority to appoint substitute trustee(s) in the place and stead of the trustee(s) originally named therein;

34. Nowhere in the Deed of Trust is that language found or supported.

35. Defendant COHN has filed *hundreds* of Deeds of Appointment of

Substitute Trustee with this County's Land Records substituting themselves as "Trustee"

or "Substitute Trustee," citing this same fallacious language that is completely

unsupported by the Deed of Trust or Maryland Code, permitting them to proceed to

foreclosure on property in this County.

36. The Deed of Trust clearly states in paragraph twenty-four (24) that the

"Lender" may remove and appoint substitute trustees.

37. In the Deed of Substitute Trustee, Darlene Buzzard, alleged attorney in

fact of Defendant COUNTRYWIDE, asserts under oath that she is executing the Deed of

Appointment of Substitute Trustee on behalf of COUNTRYWIDE, appointing Defendant

COHN as substitute trustee; and further asserts that COUNTRYWIDE is the authorized

agent of DEUTSCHE BANK; that DEUTSCHE BANK is trustee to Defendant

MORGAN STANLEY TRUST, which is itself perhaps purportedly acting on behalf of

unknown, undetermined, and undisclosed certificate holders.

38. By the language contained in the Deed of Trust itself, Defendant

DEUTSCHE BANK does not qualify as the "Lender."

39. By the language contained in the Deed of Trust itself, Defendant COUNTRYWIDE does not qualify as the "Lender."

40. By the language contained in the Deed of Trust itself, MORGAN STANLEY TRUST does not qualify as the "Lender."

41. And certainly by the language contained in the Deed of Trust itself, the certificate holders of *any* mortgage backed securities conduit or securitized mortgage loan trust do not qualify as the "Lender."

42. Defendant COHN, in violation of its fiduciary and impartial obligations under the first trust deed of trust has failed to perform any due diligence to ensure that the entity (albeit unknown) invoking the power of sale under the Deed of Trust actually has the authority and standing to do so.

43. Further, Defendant COHN has failed to maintain its impartiality or conducted reasonable due diligence to perform its own functions.

44. Specifically, Defendant COHN asserts without establishing its authority to do so, that it has prepared the Deed of Appointment of Substitute Trustee.

45. In so doing, it impliedly asserts that COUNTRYWIDE is DEUTSCHE BANK's authorized servicing agent; that it is authorized to act as "attorney-in-fact" for MORGAN STANLEY TRUST; that DEUTSCHE BANK is authorized to act as trustee to MORGAN STANLEY TRUST in the capacity that authorizes it to remove and appoint substitute trustees; and that MORGAN STANLEY TRUST has *any* authority to act given it is a loan trust that has issued certificates to unknown, undetermined, unidentified, and undisclosed certificate holders.

46. Essentially, Defendant COHN has accepted, without question, the authority of Darlene Buzzard to sign on behalf of COUNTRYWIDE, of COUNTRYWIDE to sign on behalf of DEUTSCHE BANK; that COUNTRYWIDE is authorized to act as "attorney-in-fact" for DEUTSCHE BANK; that DEUTSCHE BANK has authority to act as trustee for MORGAN STANLEY TRUST; and that MORGAN STANLEY TRUST has the authority to enforce the Deed of Trust on behalf of the unknown, undetermined, unidentified, and undisclosed certificate holders; AND most importantly, that this daisy and flimsy chain of authority is allowed under the Deed of Trust which is the subject of this litigation.

47. Whatever contractual arrangement third parties enter into with respect to their securitization of the subject Note is their business.

48. However, Plaintiff is a party to a security instrument, a contractual agreement called the Deed of Trust. No actions of third parties may amend or change the terms of the contract to which Plaintiff is a party without Plaintiff's consent.

49. Further, whatever arrangements these third parties may have regarding their contractual arrangements amongst themselves, have nothing to do with the obligations Plaintiff may have under the Deed of Trust.

50. Simply put, there is no privity or indicia of privity in contract between Plaintiff and those entities that wish to effectuate a foreclosure against Plaintiff's home.

51. To put it more succinctly, Defendants do not have standing or indicia of standing to conduct their concerted activities in furtherance of their extortion activities.

52. Once Plaintiff refused to pay, Defendants threatened foreclosure of Plaintiff's Property.

53. Clearly, instead of looking out for the best interests of all involved in an impartial manner, Defendant COHN, in a clear breach of its fiduciary obligations, only looked out for the best interests of Defendants COUNTRYWIDE, DEUTSCHE BANK, MORGAN STANLEY LOAN TRUST, LITTON, MERS and unknown, undetermined, unidentified, and undisclosed certificate holders.

54. By proceeding with the aforementioned demands for payment, and threats of foreclosure, Defendants COUNTRYWIDE, DEUTSCHE BANK, MORGAN STANLEY LOAN TRUST, LITTON, and COHN are, and were at all times material herein, in violation of the FDCPA and engaging in extortion by demanding money from Plaintiff when no debt is owed.

55. By proceeding with the aforementioned demands for payment Defendants COUNTRYWIDE, DEUTSCHE BANK, MORGAN STANLEY LOAN TRUST, LITTON, and COHN engaged in extortion by demanding money from Plaintiff when no debt was owed or, in the alternative, the security interest was unenforceable.

56. Plaintiff disputes any debt is owed to Defendant COUNTRYWIDE, DEUTSCHE BANK, MORGAN STANLEY LOAN TRUST, COHN, LITTON, WMC or any other Defendant.

57. Defendant COHN, as substitute trustee, is in breach of its fiduciary duty to Plaintiff to remain impartial as required by Maryland law.

58. Leading up to the settlement of the Plaintiff's loans on the Property, Plaintiff was the victim of fraud by Defendant FARAGO, individually and in concert with each other and in concert with other agents, servants and employees of Defendant EMPIRE, and Defendant DEUTSCHE BANK. Defendant DEUTSCHE BANK is now

and was then responsible for having measures in place to ensure that its agents and loan brokers were following its guidelines and all state and federal laws.

59. Defendant FARAGO, Loan Officer, Loan Officer, was employee/agent of Defendant EMPIRE and upon information and belief, inflated or caused to be inflated Plaintiff's property value as well as Plaintiff's monthly income on the uniform residential loan application (URLA) in an effort to ensure that Plaintiff qualified for the loans and ensure that each of them and other agents, servants and employees of Defendant EMPIRE and/or Defendants WMC and DEUTSCHE BANK realized substantial commissions and fees that were, ultimately, a cost to Plaintiff in his interest rate and/or finance charges.

60. Moreover, on or about June 1, 2006, while acting as a mortgage broker, Defendant EMPIRE, by and through its agents, servants and employees, including Defendant FARAGO, prepared the URLA, obtained information from the Plaintiff as to credit, income, assets, bank accounts, credit scores, etc. and altered or misrepresented same, and submitted said altered or misrepresented information and said application to Defendant WMC and/or Defendant DEUTSCHE BANK in order to qualify the Plaintiff for financing on the Property.

61. According to a copy of the URLA provided to Plaintiff at Settlement, Defendant EMPIRE, by and through its agents, servants and employees, including Defendant FARAGO, reported that Plaintiff was employed at the Pork House Restaurant in Washington, DC as a kitchen manager and earned $6,800 a month in gross income.

62. Plaintiff at all times relevant to this Complaint and the loan transactions applicable to the Property, made between $250-$300 per week as a self-employed seller of blankets, carpets and curtains.

63. Defendant WMC, upon information and belief, acting by and through its agents, servants and employees, including Defendant FARAGO, accepted and/or altered, and submitted a fraudulent URLA on behalf of the Plaintiff, despite the existence and availability of tax returns to verify the income of the Plaintiff, and qualified the Plaintiff for the loan to ensure that those involved in the transaction realized substantial commissions and fees.

64. The original putative Lenders, Defendants WMC and DEUTSCHE BANK, accepted the fraudulent URLA from Defendant EMPIRE, while knowing, or having reason to know, that the loan application was false, and failed in their duty to ensure that the loan was in compliance with their own lending guidelines, as well as state and federal laws.

65. In addition, Plaintiff's copy of the URLA also shows Plaintiff as having bank account number 42246463 at Wachovia Bank with a balance of $9,000.00.

66. While Plaintiff does have that account at Wachovia Bank, Plaintiff did not have that balance in his account.

67. In fact, prior to completing Plaintiff's URLA, Defendant FARAGO actually deposited his own money in Plaintiff's account in the amount of approximately $8,000.00, and made sure that Plaintiff gave him back a check for the same amount after Plaintiff went to settlement on the loan transactions Defendants FARAGO, EMPIRE and WMC had obtained for Plaintiff.

68. An inspection of the URLA will show that the asset information contained in the URLA is not the same as the information that Plaintiff alleges she verified orally

and on paper. The signature date on the URLA is June 27, 2006, the date of closing, not the date of the interview and/or the date that the URLA was prepared.

69. A mortgage broker and/or lender is required to provide a mortgage loan applicant with a Good Faith Estimate within three (3) days of the completion of his/her loan application that discloses to the applicant a list of costs and fees associated with the applicant's loan. Plaintiff never received a Good Faith Estimate from Defendants FARAGO, EMPIRE or WMC after the completion of Plaintiff's URLA.

70. Furthermore, Plaintiff alleges in good faith she verified that she was a resident alien during the URLA interview. Plaintiff's immigration status currently remains unchanged. Defendant EMPIRE, by and through its agents, servants and employees, including Defendant FARAGO, reported that Plaintiff was a United States citizen on the URLA.

71. At all times herein, Plaintiff alleges in good faith, as an unsophisticated and non-English speaking borrower, she was never informed of the terms and conditions of the First Note, specifically that it had an interest rate that could vary between 7.875% and 14.375%. The interest rate was fixed for two years with a monthly payment of approximately $1,970.00. On August 1, 2008, the interest rate on the note adjusted and Plaintiff's monthly payment increased to approximately $2,705.00.

72. In furtherance of the non-disclosure and/or explanation by any Defendant in this action of the terms or conditions of the First Note, Plaintiff, as an unsophisticated and non-English speaking borrower, was never made aware that her interest rate on the First Note would change.

73. On June 27, 2006, the date of closing, Plaintiff alleges in good faith that she was informed that the Second Note loan amount was for a total amount of $75,200.00. However, as an unsophisticated and non-English speaking borrower, she was never informed that the Second Note was a fifteen (15) year Balloon Note with a fixed interest rate of 11.5% and a final balloon payment of $64,492.60 due and payable on the maturity date of the Second Note.

74. Upon information and belief, Defendant DEUTSCHE BANK was aware that Defendant EMPIRE (and many other mortgage brokers submitting loans to Defendant DEUTSCHE BANK) was engaging in a pattern and practice of fraud, malfeasance, and abuse when it came to submitting loan applications for minority (i.e. Hispanic, Asian) applicants for mortgage loans.

75. Specifically, on Defendant EMPIRE's very own internet-based home page, the mortgage broker boasts about its targeting of the Hispanic community and its rapid growth in revenue resulting from the processing of $30 million in loans each month.

76. Also, upon information and belief, Defendants EMPIRE, WMC and DEUTSCHE BANK, acting by and through their agents, servants and employees, utilized, on a regular basis, the United States Postal Service's mail delivery services, other interstate commercial delivery services (such as FedEx, UPS, etc.), interstate telephone lines, interstate facsimile transmissions and/or forms of interstate electronic transmissions in order to exchange between themselves these fraudulent loan applications and other documents, including committing such or similar acts in originating, approving, closing and funding of the Plaintiff's loan transactions.

**COUNT I**
(VIOLATION OF THE FDCPA)
Fair Debt Collection Practices Act ("FDCPA")
15 U.S.C. § 1692 et seq. (2000)

77. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 76 of the Complaint as if stated fully herein.

78. Without the authority to so act, COUNTRYWIDE, DEUTSCHE BANK, MORGAN STANLEY LOAN TRUST, LITTON, COHN and potential Certificate Holders, have engaged in practices that violate the Fair Debt Collection Practices Act, as these Defendants do not have the right or authority to enforce the obligation, or in the alternative, the obligation has been extinguished, satisfied, or has been split from the Deed of Trust resulting in an unsecured Note.

79. In the alternative, were COUNTRYWIDE, DEUTSCHE BANK, MORGAN STANLEY LOAN TRUST, COHN, LITTON and potential Certificate Holders, acting at the behest of another unknown entity (upon information and belief one of the other listed Defendants, i.e. Certificate Holders), their actions are still in violation of the FDCPA as that entity does not have the right or authority to enforce the obligation, or in the alternative, the obligation has been extinguished, satisfied, or has been split from the Deed of Trust resulting in an unsecured Note, or was acquired after an alleged declaration of default.

WHEREFORE, Plaintiff respectfully requests that this court award the maximum statutory damages under Fair Debt Collection Practices Act against Defendants COUNTRYWIDE, DEUTSCHE BANK, MORGAN STANLEY LOAN TRUST,

COHN, LITTON and potential Certificate Holders for each violation of the FDCPA, and award her reasonable attorney's fees, costs, and punitive damages.

## COUNT II
### (DECLARATORY JUDGMENT)
MD Code, Courts and Judicial Proceedings, §3-406

80. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 79 of the Complaint as if stated fully herein.

81. Defendants have no legal or equitable right or interest in the Promissory Note and/or Deed of Trust, or in the alternative, the obligation has been extinguished, satisfied, is void, or has been split from the Deed of Trust resulting in an unsecured Note.

82. Defendants have no standing or injury to establish standing to effectuate a valid and legal foreclosure.

83. Defendants have no privity of contract with Plaintiff to establish a claim of outstanding debt obligations which would allow them to effectuate a valid and legal foreclosure on Plaintiff's Property.

WHEREFORE, Plaintiff respectfully requests that this Court declare that, as a result of the securitization process to which the Promissory Note has been subjected, the Defendants have no legal or equitable interest in the Property, have no standing or injury to establish standing, have no privity of contract with Plaintiff, and have no authority to enforce the security instrument and/or Promissory Note.

## COUNT III
### (BREACH OF FIDUCIARY DUTY)

84. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 83 of the Complaint as if stated fully herein.

85. Defendant COHN owed the duties of impartiality and the ordinary care of a fiduciary to the Plaintiff, but each engaged in collection efforts against the Plaintiff for an alleged default under the Promissory Note.

86. Defendant COHN failed to perform reasonable due diligence when the request to proceed to foreclose was made by Defendant COUNTRYWIDE, DEUTSCHE BANK, MORGAN STANLEY LOAN TRUST, LITTON, WMC, MERS and/or potential Certificate Holders, or other unknown entities in violation of their duties of impartiality and ordinary care of a fiduciary.

87. Defendant COHN has engaged in extensive efforts to collect an alleged obligation from Plaintiff and has wrongfully scheduled a foreclosure on Plaintiff's home in further violation of said duties.

WHEREFORE, Plaintiff respectfully requests that this court award her damages against Defendant COHN, jointly and severally, in the amount of $376,000.00, plus reasonable attorney's fees and costs.

## COUNT IV
### (QUIET TITLE)

88. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 87 of the Complaint as if stated fully herein.

89. Plaintiff is the only party to this matter that can prove legal and equitable ownership interest in the Property.

90. Plaintiff therefore seeks a declaration that the title to the Property is vested in Plaintiff alone, free of the liens of the Deeds of Trust, and that the Defendants herein, jointly and severally, be declared to have no estate, right, title or interest in the subject property, and, further, that said Defendants be forever enjoined from asserting any estate, right, title or interest in the Property adverse to Plaintiff herein, and award her reasonable attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order Quieting Title in the name of Plaintiff alone, and award her reasonable attorney's fees and costs.

## COUNT V
## (FRAUD)

91. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 90 of the Complaint as if stated fully herein.

92. This action will determine the rights of the parties to the Property.

93. Defendant COUNTRYWIDE, by and through Defendant COHN, filed an order to docket foreclosure against Plaintiffs' Property stipulating in their Deed of Substitute Trustee that:

"… WHEREAS, said Deed of Trust provides that the holder and/or authorized agent of the holder of the Note secured thereby shall have the power and authority to appoint substitute trustee(s) in the place and stead of the trustee(s) originally named therein; and"

94. The aforementioned stipulation contained in the DEED OF SUBSTITUTE TRUSTEE is *NOWHERE* to be found on the Deed of Trust.

95. Based on such misrepresentations, Defendant COUNTRYWIDE and Defendant COHN fraudulently misrepresented and ascertained their authority to conduct a foreclosure.

96. The Deed of Trust, if anything, mentions only the "Lender" as having any such authority.

97. Defendants, by their misrepresentations and without establishing their standing, or demonstrating to the Plaintiff, and the Judicial system and the Courts of the state of Maryland, that Defendants are the true parties in interest, have fraudulently set themselves up as having the right to commence or effectuate foreclosures in the state of Maryland.

98. Defendants, by their misrepresentations and without establishing their standing, or demonstrating to the Plaintiff, and without worrying or attempting to preserve the sanctity of the state of Maryland's Land Recording System and Land Records, have falsely, inaccurately and fraudulently set themselves up as having the right to commence or effectuate foreclosures in the state of Maryland.

99.   In submitting sworn and notarized documents to the Land Records of the Circuit Court, Defendant COUNTRYWIDE and Defendant COHN have perpetrated a fraud upon the Plaintiff, the Court, and the residents of the this County.

WHEREFORE, Plaintiff respectfully requests that this Court award him/her/them damages in the amount of $100,000.00, attorney's fees, costs and punitive damages.

## COUNT VI
### (Common Law Fraud – Fraud in the Inducement)

100.     Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 99 of the Complaint as if stated fully herein.

101.     Defendants FARAGO, EMPIRE, WMC, DEUTSCHE BANK, and potential Certificate Holders expressly or impliedly represented to the Plaintiff that they would secure for Plaintiff the most affordable loan available to him by accurately accounting for his monthly and yearly income.

102.     The requirements for Common Law Fraud are:

   a.     a false statement of material fact ;

   b.     the party making it knew or believe it to be untrue;

   c.     the party to whom the statement was made had a right to rely on the statement;

   d.     the party to whom the statement was made did rely on the statement;

   e.     the statement was made for the purpose of inducing the other party to act; and

   f.     the reliance by the person to whom the statement was made led to that party's injury.

103.     Defendants FARAGO, EMPIRE, WMC, DEUTSCHE BANK, and potential Certificate Holders meet each and every one of these common law fraud elements. Specifically, a) they made several false statements of material fact by failing to provide an accurate Good Faith Estimate, falsely completing the Federal Loan Application as to monthly salaries actually earned by the Plaintiff, inaccurate bank account balances in the perpetration of Bank Fraud, inaccurate US legal status, and

indicating that the Plaintiff procured and was given an affordable loan; b) Defendants FARAGO, EMPIRE, WMC, and DEUTSCHE BANK knew their assertions were NOT true; c) the Plaintiff, a non-English speaking hard working individual and interested borrower, had a right to rely on their statements; d) the Plaintiff did rely on Defendants' statements; e) the Plaintiff was induced to act on the false statements of material fact made by Defendants FARAGO, EMPIRE, WMC, and DEUTSCHE BANK; and f) the Plaintiff has been materially, substantially, and irrevocably injured by the misrepresentations of Defendants. By providing incentives for and regularly and knowingly accepting the "fruits of the fraud", Defendants FARAGO, EMPIRE, WMC and DEUTSCHE BANK directly participated in the fraudulent scheme.

104.    Further, by not disclosing the adjustable rate nature of those loans, Defendants instead created the false impression that Borrowers were given the most affordable loan for their circumstances, when in reality they obtained for the Plaintiff, loans that Plaintiff could not ultimately afford. In fact, Defendants FARAGO, EMPIRE, WMC, and DEUTSCHE BANK, intended to obtain for the Plaintiff a higher rate than was available from the lender simply so that Defendants FARAGO, EMPIRE, WMC, and DEUTSCHE BANK, and their agents and co-conspirators could earn for themselves a higher "kickback", "referral fee" or yield spread premium, or higher credit enhancement returns for their REMIC at the expense of the Plaintiff.

105.    Defendants FARAGO, EMPIRE, WMC, and DEUTSCHE BANK's representation to Plaintiff that they had accurately and truthfully completed or supervised the completion of the URLA was a material fact in that the Plaintiff would not have conducted himself or gone through with the transaction as Plaintiff did had she

known or become aware of Defendants' obfuscations and true intentions. Defendants

FARAGO, EMPIRE, WMC, and DEUTSCHE BANK's misrepresentations as to their

intentions materially induced the Plaintiff to enter into the mortgage loans obtained for

her by Defendants, and the Plaintiff reasonably relied upon their false representations.

106.    Defendants FARAGO, EMPIRE, WMC, and DEUTSCHE

BANK's directed, supervised, or directly or indirectly assented to the fraudulent

inducement.

107.    As a direct result of these Defendants' fraudulent inducement, the

Plaintiff will continue to suffer considerable damages and injuries.

WHEREFORE, Plaintiff respectfully requests that this Court award her damages

in the amount of $376,000, plus reasonable attorney's fees, costs, and punitive damages,

all as determined by a jury.

## COUNT VII
(Broker's Fraud In the Origination of the Loan Application – Unfair and Deceptive Trade
Practices)
Maryland Consumer Protection Act (Md. Code Ann. Comm. Law §13-301)

108.    Plaintiff realleges, reaffirms and incorporates the allegations

contained in paragraphs 1 through 107 of the Complaint as if stated fully herein.

109.    Pursuant to Maryland Consumer Protection Act (Md. Code Ann.

Comm. Law §13-301), Defendant FARAGO and Defendant EMPIRE were prohibited

from engaging in unfair and deceptive trade practices.

110.    Defendant EMPIRE, by an through its agents, servants and

employees, including Defendant FARAGO, engaged in unfair and deceptive trade

practices when on Plaintiff's URLA, Defendant FARAGO inflated Plaintiff's monthly

gross income by approximately $5,500.00 and embellished his asset information, thus creating false and misleading written statements that Plaintiff would rely on when she consented to allow Defendant FARAGO and/or Defendant EMPIRE to solicit a mortgage loan offer from Defendant WMC on her behalf.

111.     Defendant FARAGO failed to disclose to Plaintiff that he had altered Plaintiff's income, asset information and immigration status. Instead, he allowed Plaintiff to trust him and rely on the fact that she had completed the URLA using the specific income and asset information that Plaintiff had presented to Defendant FARAGO during the interview.

112.     Defendant FARAGO had actual knowledge of the fact that the information he reported on Plaintiff's URLA was fraudulent and therefore deceptive and misleading as Defendant FARAGO was the individual that prepared the URLA.

113.     The URLA that Plaintiff signed for each loan contains the date of closing instead of the date of the loan application interview, which raises the question of whether the URLA that was prepared at the time of Plaintiff's interview was the same URLA she signed at closing, or alternatively, whether the URLA prepared during the interview contained the same information as the URLA that Plaintiff signed at closing. Further, if Plaintiff signed the URLA prior to obtaining loan approval, she should not have been required to sign another URLA at closing.

DIGNA FLORES

By Counsel,


Property & Estate Law, PLC


By: Jose M. Blanco, #17586
1950 Old Gallows Road, Suite 220
Vienna, VA 22182
(703) 621-3333 (office)
(703) 621-3332 (fax)
jblanco@propertyestatelaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Complaint has been delivered via certified first-class mail this 26th day of October, 2009, to all scheduled creditors and the following:

Deutsche Bank National Trust Company
One Beacon Street
Boston, MA 02108

             Registered Agent:      The Corporation Trust Incorporated
                                       300 E. Lombard Street
                                     Baltimore, MD 21202

WMC Mortgage Corporation
6320 Canoga Avenue
Woodland Hills, CA 91367

             Registered Agent: CSC-Lawyers Incorporating Service Co.
                                7 St. Paul Street, Suite 660
                                Baltimore, MD 21202

Morgan Stanley Abs Capital I Inc. Trust 2006 HE8, Mortgage
Pass-Through Certificates Series 2006-HE8
1585 Broadway 2nd Floor
New York, NY 10036

             Serve:  State Department of Assessment & Taxation
                        301 W. Preston Street
                        Baltimore, MD 21201

Countrywide Home Loans Servicing, L.P.
4500 Park Granada CH-11
Calabasas, CA 91302

             Registered Agent:      The Corporation Trust Incorporated
                                       300 E. Lombard Street
                                       Baltimore, MD 21202

Litton Loan Servicing, L.P.
2711 Centreville Road
Wilmington, DE 19808

             Registered Agent: CSC-Lawyers Incorporating Service Co.
                                7 St. Paul Street, Suite 1660
                                Baltimore, MD 21202

Empire Financial Services, Inc.
51 Monroe Street, Suite 1101
Rockville, MD 20850

    <u>Registered Agent</u>:    Jeanette Farago
                        5806 Winding Ridge Way
                        Frederick, MD 21704

Mortgage Electronic Registration Systems, Inc.
1818 Library Street
Reston, VA 20190

    <u>Serve</u>:  State Department of Assessment & Taxation
                301 W. Preston Street
                Baltimore, MD 21201

Cohn, Goldberg & Deutsch, LLC
600 Baltimore Avenue, Suite 208
Towson, MD 21204

    <u>Registered Agent</u>: Stephen Goldberg
                     600 Baltimore Avenue, Suite 208
                     Towson, MD 21204

AND

Luis F. Farago
Empire Financial Services Agent


                                        /s/ Jose Martin Blanco
                                        Jose Martin Blanco, Esquire

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues raised herein triable by jury.

/s/ Jose Martin Blanco
Jose Martin Blanco, Esquire

**Rule 1-313 Certification**

I, Jose Martin Blanco, Esquire, attorney for Digna Flores, Plaintiff, hereby certify that I am admitted to practice law in the State of Maryland.

/s/ Jose Martin Blanco
Jose Martin Blanco, Esquire



U.S. POSTAGE PAID
MERRIFIELD, VA
DEC 29 09
AMOUNT
**$6.83**
00032768-24

1000   21202

Corporation Trust Inc
300 E Lombard St
Baltimore MD 21202



CERTIFIED MAIL™

7009 0820 0000 3662 3392

Property & Estate Law, PLC
1950 Old Gallows Rd.
Suite 220
Vienna, VA 22182