IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                :
DIGNA FLORES
                                :

    v.                          :    Civil Action No. DKC 10-0217

                                :
DEUTSCHE BANK NATIONAL TRUST,
COMPANY, et al.                 :

                        **MEMORANDUM OPINION**

     Presently pending and ready for resolution in this property
case are two motions to dismiss (Papers 12 & 15) and a motion to
strike (Paper 30).  The issues are fully briefed and the court
now rules pursuant to Local Rule 105.6, no hearing being deemed
necessary.  For the reasons that follow, the motions to dismiss
will be granted.

I.   Background

     This case revolves around the purchase of a home by
Plaintiff Digna Flores, and the promissory notes she executed to
enable that purchase.  In her complaint filed October 26, 2009,
Plaintiff asserts that he borrowed $376,000 on June 27, 2006 to
purchase 5633 Fisher Road in Temple Hills, Maryland
("property"). (Complaint, Paper 6 ¶¶ 12, 15, 16).  Plaintiff is
the sole title-holder of the property.  (*Id*. at 19).  To
accomplish the purchase of the property, Plaintiff executed two
promissory notes and two deeds of trust: one in the amount of
$300,800 and the second in the amount of $75,200.  (*Id*. at ¶¶

15-16). The allegations in the complaint refer only to the first promissory note ("Note") and deed of trust ("Deed"). The Note and deed named Defendant WMC Mortgage Corporation ("WMC") as Lender, Richard Cregger as Trustee and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. (*Id*. at ¶ 14). Sometime after closing on the property, Plaintiff's loan was assigned to Defendant Litton Servicing L.P. ("Litton") and then later to Defendant Countrywide Home Loans Servicing LP ("Countrywide").

In 2008, Plaintiff began receiving demands for payment and threats of foreclosure from Defendants Cohn, Goldberg & Deutsch, LLC ("Cohn") (listed as the "substitute trustee") and Countrywide. (*Id*. at ¶ 20). Plaintiff alleges on information and belief that demands for payment were sent on behalf of Cohn as substitute Trustee, Countrywide as servicer, and Defendant Deutsche Bank National Trust Company ("Deutsch Bank") as Trustee, under a Pooling and Servicing Agreement dated September 21, 2006. (*Id*. at ¶ 23).

Deutsche Bank and Cohn sent a letter dated August 31, 2009 to Plaintiff advising her that her home would be foreclosed on September 15, 2009 at 11:00 a.m. (Paper 6 ¶ 28). One week prior to the scheduled foreclosure, the action was postponed and the subject loans were reviewed by the lender's loss mitigation

2

department. (*Id*. at ¶ 29). Deutsche Bank and Cohn then notified Plaintiff by letter dated October 9, 2009 that her home would be foreclosed on October 27, 2009 at 11:16 a.m. (*Id*. at ¶ 30).

Plaintiff filed a complaint in the Circuit Court for Prince George's County in Maryland on October 26, 2009, and the action was removed to this court on January 28, 2010. (Paper 1). Other Defendants named in her complaint are Morgan Stanley Abs Capital I Inc. ("Morgan Stanley"), Empire Financial Services, Inc. ("Empire"), and Luis Farago ("Farago"), a financial services agent at Empire. On February 17 and 18, 2010, claims against Defendants Litton and WMC were dismissed on Plaintiff's notice.

The remaining claims are:

> (I) Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692 *et seq*. by Defendants. Plaintiff alleges that Defendants Countrywide, Deutsche Bank, Morgan Stanley Loan Trust, and Cohn have all engaged in practices violating the FDCPA because they do not have the right or authority to enforce the Note; or, alternatively, that their authority has been extinguished or satisfied, or that the Note has been split from the Deed, resulting in an unsecured Note.

> (II) Declaratory judgment that Defendants have no equitable or legal right or interest in the Note or Deed, or that the obligation has been extinguished, satisfied or is void. Plaintiff also seeks a declaration that

> Defendants have no standing to effectuate a legal foreclosure.
>
> (III) Breach of fiduciary duty against Defendant Cohn, because he failed to perform reasonable due diligence when the request to foreclose was made by other Defendants.
>
> (IV) Quiet the title of the property, because Plaintiff is the only party that can prove legal and equitable ownership interest.
>
> (V) Fraud against Defendants Countrywide and Cohn. Plaintiff alleges that both Countrywide and Cohn fraudulently misrepresented their authority to conduct a foreclosure because the Deed only mentions the "Lender" as having any such authority, and they are not the Lender.
>
> (VI) Fraud in the inducement against Farago, Empire, Deutsche Bank and potential certificate holders. Plaintiff alleges that these entities expressly or impliedly represented to Plaintiff that they would secure for her the most affordable loan by accurately accounting for her monthly and yearly income.
>
> (VII) Violation of the Maryland Consumer Protection Act, Md. Code Ann., Comm. Law § 13-301, against Defendants Farago and Empire.

Defendants Farago and Empire answered the complaint jointly on February 22, 2010. (Paper 23). Countrywide, Deutsche Bank, Morgan Stanley and MERS filed a motion to dismiss on February 4, 2010. (Paper 12). Defendant Cohn filed a motion to dismiss which incorporated the first motion to dismiss, on February 4, 2010 as well. (Paper 15). Plaintiff filed responses on

4

February 22, 2010. (Papers 24 & 25). Defendants filed a reply to one of the motions on March 11, 2010. (Paper 28, in support of Paper 12).[1]

## II. Motions to Dismiss

### A. Standard of Review

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement."

---

[1] Plaintiff filed a sur-reply on March 29, 2010 without seeking leave of the court. A party is permitted to file a surreply only upon obtaining leave of the court, *see* Local Rule 105.2(a), and leave was neither requested nor granted in this case. The surreply will not be accepted and the motion to strike filed by Defendants will be granted. (Paper 30).

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

This case involves an allegation of fraud, which requires a higher showing to survive a motion to dismiss. Rule 9(b) provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). "Malice, intent, knowledge, and other condition of mind of a person may be averred generally." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 n.6 (4th Cir., 1999). Not all the causes of action alleged in the complaint at issue include allegations of fraudulent behavior. Only causes of action involving fraud must meet the higher standard imposed by Rule 9(b). *See Balt. County v. Cigna Health*care, 238 Fed. Appx. 914, 922 (4th Cir. 2007)(unpublished)(quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003)).

> A plaintiff may choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct. In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements.

*Id*. at 1104. Rule 9(b) "does not require that allegations supporting a claim be stated with particularity when those allegations describe non-fraudulent conduct." *Id*. at 1104.

**B. Arguments**

Plaintiff's complaint challenges the authority possessed by the various Defendants to enforce the Deed that secures the Note executed by Plaintiff. In challenging that authority, Plaintiff advances several arguments that set the foundation for most of her causes of action.

First, Plaintiff argues that Cohn is not actually the trustee. She says that although the Deed states that the "Lender" may remove and appoint substitute trustees, the "Lender" did not actually file or authorize the "Appointment of Substitute Trustee" that has been filed, and that named Cohn and his colleagues as substitute trustees. (Paper 6 ¶¶ 35-6). Plaintiff contends that, although Countrywide asserts in the Appointment of Substitute Trustee that it is appointing Cohn as substitute trustee and that it is the authorized agent of Deutsche Bank, Deutsche Bank is not a Lender and so cannot appoint a substitute. (Paper 6 ¶¶ 37-8).

Plaintiff also argues that Defendants have failed to prove ownership and possession of the Note, as they must, according to the Uniform Commercial Code as adopted in Maryland. (Paper 24, at 4). She argues that the Note produced by Defendants, which is a "purported certified copy of the original" contains no endorsement by the transferor WMC and is not payable to Deutsche

8

Bank, Morgan Stanley or any other Defendant.  In addition to establishing possession, Plaintiff says, Defendants must prove that the transferor was the holder at the time the transferee acquired the Note to establish a valid transaction took place. (Paper 24, at 6).

Finally, Plaintiff argues that Defendants lack standing to enforce the Note because there is no injury in fact.  In essence, Plaintiff argues that Defendants have already recovered for Plaintiff's default on her mortgage payments, because various "credit enhancement policies" compensated the injured parties in full.  (*Id.*, at 8-9).  These "credit enhancement policies" refer to placement of the Note into a securitized pool with other mortgages represented by Morgan Stanley, which purchased a credit default swap or default insurance for the securitized pool. (*Id.*).

There is nothing in the allegations noted above that provides a basis for relief under the law of negotiable instruments or enforcement of deeds.[2]

Defendants, in their motions to dismiss, argue that Plaintiff's challenge is based on false premises.  Defendants Deutsche Bank, Morgan Stanley, MERS and Countrywide (and Cohn,

---

[2] Allegations of fraud and violation of the Maryland Consumer Protection Act against the two Defendants who are not a party to either motion to dismiss are not addressed in this opinion.

through its own motion) assert that Counts I, II, IV and V of the complaint must be dismissed because the claims are based on an erroneous assertion that Defendants do not have the authority to appoint a substitute trustee. (Paper 12, at 4). They argue that the language of the Note and the Deed allows transfers of the Note, and that when the Note was transferred, Defendants acquired the right to enforce the Deed under the express terms of the Note, and under Maryland law. (Paper 12, at 4-5). They also argue that a transferee of the Note, such as Deutsche Bank, has all of the original lender's rights to enforce the Deed, and that the Deed provides that any subsequently appointed trustee has the right to foreclose. (Paper 12, at 7, referencing § 22 of the Deed of Trust). Maryland Rule of Procedure 14-204 also allows "any successor trustee" of a deed of trust to file a foreclosure action.

Defendants also argue that Plaintiff has failed to allege the elements of fraud against them, because the claims made in the Appointment of Substitute Trustee filed by Countrywide are true. The assertion that the term "Lender" only refers to the original lender has no merit, Defendants argue, and the Note and Deed "inure to the benefit of the original lender's successors." (Paper 12, at 9, referencing Ex. 1 § 13 and Ex. 2 §§ 1, 91, 11).

10

Defendant Cohn argues that it has not breached any fiduciary duty to Plaintiff because it complied with all the requirements in the deed of trust and under Maryland rules of procedure. (Paper 15, at 2-3).

Finally, no fraud in the inducement can exist, Defendants argue, because Deutsche Bank made none of the purportedly false statements, Plaintiff's allegations do not meet the Fed.R.Civ.P. 9(b) standards, and Plaintiff's claim is time-barred. (*Id*. at 10). They argue that Deutsche Bank did not originate the loan – WMC did – and that Plaintiff initially made payments to WMC. Therefore, Defendant Deutsche Bank could not have made any of the representations alleged. (*Id*.).

**C.  Analysis**

Several United States district courts in Maryland and Virginia have recently addressed cases that are similar to this one: they all share several common causes of action and have similar fact situations. *See Hammett v. Deutsche Bank National Company,* 2010 WL 1225849 (E.D.Va. 2010); *Horvath v. Bank of New York,* 2010 WL 538039 (E.D.Va. 2010); and *Parillon v. Fremont Investment and Loan*, 2010 WL 1328425 (D.Md. 2010). Much as in these other cases, Plaintiff in the instant matter has failed to

allege facts upon which relief can be granted and therefore Defendants' motions to dismiss will be granted.[3]

Plaintiff's complaint makes several broad claims that are incorrect as a matter of law. First, the Note and Deed are transferable. According to the Note, the Lender may transfer the Note and subsequent lenders may appoint substitute trustees. The Note specifically says that, in signing the document

> I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

(Paper 12, Ex. 2 ¶ 1).

Second, the power to appoint substitute trustees rests with the Lender, whoever that may be. The "Appointment of Substitute Trustees" notes that Deutsche Bank (acting as trustee for Morgan Stanley) appointed Cohn (and his colleagues) to be substitute trustees. (Paper 12, Ex. 5). The Deed itself notes that "Lender, at its option, may from time to time remove Trustee and appoint a successor Trustee appointed hereunder." (Paper 12,

---

[3] The court may rely upon the Deed, Note and other documents attached by Defendants to their motions at this stage of the case because there is no dispute as to the authenticity of these documents. *See American Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). The following documents have been included by the parties as exhibits and referenced by the court: a copy of the Deed, the Note, and the Deed of Appointment of Substitute Trustee.

12

Ex. 2 ¶ 24). Under the terms of the subject Deed, Defendants Countrywide and Deutsche Bank (as trustee for Morgan Stanley Trust) are the Lenders. Specifically, Countrywide is the loan servicer and Deutsche Bank, as trustee, is the holder of the Note.

Third, Deutsche Bank and other Defendants may enforce the Deed. Because Deutsche Bank is the holder of the Note, it, and its agents, may enforce the Deed. "The note and the mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." *Le Brun v. Frosise*, 197 Md. 466, 475 (1951)(internal quotations omitted).

Fourth, although creative, Plaintiff's arguments on standing are meritless because Defendants have not been paid the amount owed on the Note. The fact that Plaintiff's mortgage may have been combined with many others into a securitized pool on which a credit default swap, or some other insuring-financial product, was purchased, does not absolve Plaintiff of responsibility for the Note. That transaction by the holder of the Deed is separate from collecting on the Note itself. Thus, although Plaintiff's default may have triggered insurance for

13

any losses caused by that default, she is not discharged from the promissory notes themselves.

Finally, any subsequently-appointed trustee has the right to foreclose on the property according to the Deed in this case:

> Borrower, in accordance with Title 14, Chapter 200 of the Maryland Rules of Procedure, does hereby declare and assent to the passage of a decree to sell the Property in one or more parcels by the equity court having jurisdiction for the sale of the Property, and consents to the granting to any trustee appointed by the assent to decree of all the rights, powers and remedies granted to the Trustee in this Security Instrument together with any and all rights, powers and remedies granted by the decree.

(Paper 12, Ex. 1 ¶ 22). Maryland Rule of Procedure 14-204 allows "any successor trustee" to file an action to foreclose a lien. Therefore, Defendants have the right to enforce the Deed and Note and to foreclose on the property. Many of the counts alleged by Plaintiff do not withstand scrutiny once the aforementioned analyses have been done.

In Count I, Plaintiff alleges a violation of the FDCPA. The FDCPA is "Congress's response to what it saw as 'the abusive, deceptive, and unfair debt collection practices [used] by many debt collectors.' 15 U.S.C. 1692(a). The statute applies almost exclusively to those who collect debts owed to others." *James v. Ford Motor Credit Co.*, 842 F.Supp. 1202

14

(D.Minn. 1994), aff'd 47 F.3d 961 (8th Cir. 1995). To make a successful claim under the FDCPA, a Plaintiff must show:

> the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.

*Awah v. Donaty*, 2009 WL 3747201 (D.Md. 2009), quoting *Dikun v. Streich*, 369 F.Supp.2d 781, 785 (E.D.Va. 2005). Plaintiff does not allege anywhere that any of the named Defendants are debt collectors as defined under the FDCPA. The FDCPA only applies to debt collectors. The FDCPA defines a "debt collector" as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

15 U.S.C. § 1692a(6). "[T]he law is well-settled (as discussed above) that creditors, *mortgagors,* and *mortgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA." *Scott v. Wells Fargo Home Mortg. Inc.*, 326 F.Supp.2d 709, 718 (E.D.Va. 2003). Because Defendants are not debt collectors, the FDCPA does not apply to them. Count I will be dismissed.

In Count II, Plaintiff asks for a declaratory judgment declaring as true several of the underlying assertions in her

claim, including that Defendants have no standing and no right to the property. Although, as was explained above, Plaintiff's contentions have no merit, it may nevertheless be inappropriate to dismiss the declaratory judgment aspect of the case. When a party properly seeks a declaratory judgment, the court may declare the rights, even if they are adverse to the plaintiff. *See, e.g., Glover v. Glendening*, 376 Md. 142, 154-56 (2003)(applying Maryland declaratory judgment act.)

Plaintiff pleads breach of fiduciary duty against Cohn in Count III. In Maryland, fiduciary duties are recognized and can be enforced, but not through independent actions. "Maryland does not recognize a . . . separate tort cause of action for breach of fiduciary duty, and instead treats breach of fiduciary duty as a claim for the tort of negligence." 17 Maryland Law Encyclopedia Partnership § 53 (citing *Vinogradova v. Suntrust Bank, Inc.*, 162 Md. App. 495, 875 A.2d 222 (2005)). Because Plaintiffs have a variety of alternate claims, their claim for breach of fiduciary duty will be dismissed.

In Count IV, Plaintiffs ask the court to quiet title to the property secured by the Deed and Note. The purpose of an action to quiet title is to "protect the owner of legal title 'from being disturbed in his possession and from being harassed by suits in regard to his title by persons setting up unjust and

illegal pretensions.'" *Wathen v. Brown,* 48 Md.App. 655, 658 (1981)(quoting *Textor v. Shipley,* 77 Md. 473, 475 (1893)). In pressing such a claim, the plaintiff has the burden of establishing both possession and legal title by "clear proof." *Stewart v. May,* 111 Md. 162, 173 (1909). Plaintiff's legal theory to support her quiet title action fails on the basis of the facts alleged. She was not discharged from her obligation because of the sale and transfer of the notes, and Plaintiff is not the "only party in this matter who can prove legal and equitable ownership interest." (Paper 6 ¶ 89). Defendants hold both the Note and Deed at this time and have taken no actions that would discharge their ownership interests.

Plaintiff claims fraud in Count V against Cohn and Countrywide. She alleges that in their "Appointment of Substitute Trustee" they misrepresented their authority to conduct a foreclosure by appointing a substitute trustee. The essential elements for a claim of fraud include: (1) Defendant owed a duty to Plaintiff to disclose a material fact; (2) Defendant failed to disclose that fact; (3) Defendant intended to defraud or deceive Plaintiff; (4) Plaintiff took action in justifiable reliance on the concealment; and (5) Plaintiff suffered damages as a result of Defendant's concealment. *Lloyd v. General Motors Corp.*, 397 Md. 108, 138 (2007)(citing *Green v.*

*H & R Block,* 355 Md. 488, 525 (1999)).  Defendant Countrywide, as the loan servicer, signed the appointment for substitute trustee on behalf of Deutsche Bank, acting as Trustee for Morgan Stanley.  Although the phrasing in the appointment of substitute trustees differs from that in the Deed, the Deed does provide that the holder of the Note – the Lender – has the power to appoint substitute trustees.  (Paper 12, Ex. 5 compared to Paper 12, Ex. 1 ¶ 24 "Substitute Trustee").  Under the terms of the Deed, Deutsche Bank, as Trustee for Morgan Stanley, is the "lender" in question and thus had the right to appoint a new trustee, which it did through Countrywide.  (Paper 12, Ex. 5).

Defendant Deutsche Bank seeks to have Count VI for fraudulent inducement dismissed as against it.  The tort of fraudulent inducement "means that one has been led by another's guile, surreptitiousness or other form of deceit to enter into an agreement to his detriment." *Capital Source Finance LLC v. Delco Oil Inc.*, 608 F.Supp.2d 655, 666 (D.Md. 2009)(citing *Rozen v. Greenberg,* 165 Md.App. 665, 674 (2005))(internal citations omitted).  Plaintiff does not allege that Deutsche Bank made a statement of material fact that was false to Plaintiff upon which she relied and that resulted in her injury.  Plaintiff's fraud in the inducement claim revolves around her claim that Farago, WMC, Empire and Deutsche Bank were allegedly supposed to

18

secure "the most affordable loan available" for her by accurately accounting for monthly and yearly income. (Paper 6 ¶ 101). Plaintiff does not allege facts to show that Deutsche Bank was even a party to the original transaction, however. WMC originated the loan. (Paper 6 ¶¶ 14, 18). Therefore, Count VI will be dismissed as against Defendant Deutsche Bank.

Count VII does not concern any Defendants who are party to the motions to dismiss, and it therefore remains intact.

## III. Conclusion

For the aforementioned reasons, Defendants' motions to dismiss will be granted and Counts I, III-VI as against Defendants Countrywide, Deutsche Bank, MERS, Morgan Stanley and Cohn will be dismissed. A separate Order will follow.

                                            /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge